UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DARRELL SANDERS,<br>    Petitioner,<br>  v.<br>DERRAL ADAMS, warden,<br>    Respondent. | No. C 10-891 MHP (pr)<br>**ORDER TO SHOW CAUSE** |

## INTRODUCTION

David Darrell Sanders, an inmate at Pelican Bay State Prison, filed this action for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge a conviction in Alameda County Superior Court for attempted extortion. The court reviewed his petition and dismissed it with leave to amend. Sanders filed an "amended petition" that alleges only one of the two claims that were identified as deficient. He also sent a letter indicating an intent to abandon the third claim. (Docket # 5.) The court construes the amended petition to be an amendment to the original petition rather than to supersede the original petition because both must be read to find the two claims Sanders wishes to present in this federal habeas action.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

1   A district court considering an application for a writ of habeas corpus shall "award the writ or
2   issue an order directing the respondent to show cause why the writ should not be granted,
3   unless it appears from the application that the applicant or person detained is not entitled
4   thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in
5   the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  See
6   Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

7      The original petition (docket # 1) alleged that Sanders' right to due process was
8   violated because the evidence was insufficient to support the verdict.  The amended petition
9   (docket # 6) alleged that he received ineffective assistance of trial counsel in that counsel (a)
10  failed to investigate and prepare for trial (e.g., failed to argue that there was insufficient
11  evidence, failed to move to strike Sanders' prior convictions, and failed to argue that there
12  was not probable case); (b) failed to keep the client reasonably informed of the progress of
13  the case, trial strategy and the existence of attorney conflicts; and (c) failed to object to a
14  particular jury instruction about the use of force.  Liberally construed, these two claims are
15  cognizable in a federal habeas action and warrant a response.  Petitioner's claim in the
16  original petition that the  Boykin-Tahl advisement error in his earlier case resulted in a due
17  process violation is dismissed.

## CONCLUSION

19      For the foregoing reasons,
20      1.   The petition as amended by the amended petition states cognizable claims for
21  habeas relief.  Respondent must respond to the due process and ineffective assistance of
22  counsel claims.
23      2.   The clerk shall serve by certified mail a copy of this order, the order of
24  dismissal with leave to amend, the petition, amended petition, and all attachments thereto
25  upon respondent and respondent's attorney, the Attorney General of the State of California.
26      3.   Respondent must file and serve upon petitioner, on or before **June 3, 2011**, an
27  answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases,
28  showing cause why a writ of habeas corpus should not be issued.  Respondent must file with

1   the answer a copy of all portions of the state court record that previously have been
2   transcribed and that are relevant to a determination of the issues presented by the petition.
3       4.     If petitioner wishes to respond to the answer, he must do so by filing a traverse
4   with the court and serving it on respondent on or before **July 8, 2011**.
5       5.     Petitioner is responsible for prosecuting this case. He must keep the court
6   informed of any change of address and must comply with the court's orders in a timely
7   fashion. Failure to do so may result in the dismissal of this action for failure to prosecute
8   pursuant to Federal Rule of Civil Procedure 41(b).
9       IT IS SO ORDERED.
10   DATED:   March 28, 2011
11                                                   Marilyn Hall Patel
                                                   United States District Judge