UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DARRELL SANDERS,<br><br>    Petitioner,<br><br>    v.<br><br>DERRAL ADAMS, Warden,<br><br>    Respondent.<br>_____/ | No. C-10-0891 EMC (pr)<br><br>**ORDER GRANTING MOTION TO DISMISS IN PART AND STAYING ACTION FOR PETITIONER TO EXHAUST STATE COURT REMEDIES** |

## INTRODUCTION

David Darrell Sanders filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the amended petition on the ground that state court remedies have not been exhausted for some claims. Sanders has opposed the motion to dismiss and has requested a stay to exhaust state court remedies for unexhausted claims. For the reasons discussed below, the Court finds that state court remedies were not exhausted for one of the claims and grants a stay for petitioner to exhaust state court remedies.

## BACKGROUND

Following a jury trial, Sanders was convicted in Alameda County Superior Court of attempted extortion and was found to have suffered two prior serious felony convictions. On March 27, 2008, he was sentenced to 25 years to life in prison. On appeal, his conviction was affirmed by the California Court of Appeal and his petition for review was denied by the California Supreme Court.

Sanders also filed unsuccessful collateral challenges in state courts.

Sanders filed two petitions for writ of habeas corpus and one petition for writ of error coram vobis in the Alameda County Superior Court. All three petitions were denied. *See* Resp. Exs. 3, 4; Opposition Exs. 5, 6.

In March 2009, Sanders filed an "Accusation Against An Attorney" in the California Supreme Court, seeking review of the California State Bar's rejection of his complaint against his trial counsel. *See* Resp. Ex. 5.[1] The California Supreme Court denied review of his Accusation Against An Attorney.

In December 2009, Sanders filed an unsuccessful petition for writ of error coram vobis in the California Court of Appeal, in which he raised the same challenge to the prior convictions he had raised in the superior court petition for writ of error coram vobis. *See* Resp. Exs. 7, 8.

On January 19, 2010, Sanders filed a "petition for review to exhaust state remedies" in the California Supreme Court, a one-page document in which he asked the court to review the court of appeal's denial of the petition for writ of error coram vobis, and stated, "[t]here are no grounds for review." Resp. Ex. 9. The California Supreme Court denied the petition on February 24, 2010.

Sanders then filed his federal petition for writ of habeas corpus. His federal petition was signed on February 23, 2010.

## DISCUSSION

A.  Identifying The Claims Presented For Federal Habeas Review

Sanders' federal petition for writ of habeas corpus alleged three claims: (1) his right to due process was violated because the evidence was insufficient to support the verdict; (2) his Sixth Amendment right to effective assistance of counsel was violated; and (3) the guilty plea advisement

---

[1] Sanders had filed a complaint with the California State Bar about his trial counsel, and the State Bar closed the file without prosecuting the attorney. The letter from the State Bar explained that the State Bar had limited jurisdiction, and could "only prosecute attorneys for intentional violations of the State Bar Act and/or Rules of Professional Conduct, or for gross negligence," which Sanders' complaint had not shown. *See* Resp. Ex. 5 at Feb. 20, 2009 letter from State Bar of California Office Of the Chief Trial Counsel/Audit & Review. The letter informed Sanders that his allegations "may be the basis for an 'ineffective assistance of counsel' defense and/or appeal" and explained that the State Bar would not act to overturn the rulings of the court if Sanders had raised them in *Marsden* motions. *Id.* The State Bar letter informed him that, "[i]n order to seek review of this decision, you must file a certified accusation against the attorney with the California Supreme Court." *Id.*

errors in the earlier cases that led to his prior convictions resulted in a due process violation. The Court dismissed the petition with leave to amend to cure deficiencies in the ineffective assistance of counsel claim and the plea advisement claim. *See* Order Of Dismissal With Leave To Amend, pp. 2-4. Sanders then filed an "amended petition" (Docket # 6) that cured the ineffective assistance of counsel claim by identifying the particular deficiencies of counsel. He also sent a letter indicating an intent to abandon the guilty plea advisement claim. (Docket # 5.) "The court construe[d] the amended petition to be an amendment to the original petition rather than to supersede the original petition because both must be read to find the two claims Sanders wishes to present in this federal habeas action." Order to Show Cause, p. 1. The Court then determined that there were two cognizable claims: (1) a claim that Sanders' right to due process was violated because the evidence was insufficient to support the verdict, and (2) a claim that Sanders received ineffective assistance of trial counsel in that counsel (a) failed to investigate and prepare for trial (*e.g.*, failed to argue that there was insufficient evidence, failed to move to strike Sanders' prior convictions, and failed to argue that there was not probable case); (b) failed to keep the client reasonably informed of the progress of the case, trial strategy and the existence of attorney conflicts; and (c) failed to object to a particular jury instruction about the use of force. *Id.* at 2.

B. <u>Exhaustion Requirement</u>

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). The exhaustion-of-state-remedies doctrine "reflects a policy of federal-state comity" designed to give a State "'an initial "opportunity to pass upon and correct" alleged violations of its prisoners' federal rights.'" *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citations omitted). The court generally may not grant relief on an unexhausted claim, *see* 28 U.S.C. § 2254(b)(1).

Both the legal basis and the factual basis of the claim must be fairly presented in order to exhaust. It is not sufficient to raise only the facts supporting the claim; rather, "the constitutional

3

claim . . . inherent in those facts" must be brought to the attention of the state court. *See Picard*, 404 U.S. at 277. The state's highest court must "be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). With regard to the factual basis for the claim, "the petitioner must only provide the state court with the operative facts, that is, 'all of the facts necessary to give application to the constitutional principle upon which [the petitioner] relies.'" *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008) (citations omitted).

C.     Analysis Of Exhaustion Issue

The Court has compared the federal petition as amended by the amended petition, on the one hand, with the "petition for review" and the "petition for review to exhaust state remedies" filed in the California Supreme Court, on the other hand, to determine whether both claims in the former were included in one or both of the latter two documents. They were not.

Claim 1 – *i.e.*, the due process claim based on insufficiency of the evidence – is exhausted. State judicial remedies were exhausted by the presentation of the claim in the petition for review to the California Supreme Court. *See* Resp. Ex. 1.

Claim 2 – *i.e.*, the ineffective assistance of counsel claim – is unexhausted. State judicial remedies have not been exhausted for any part of this claim because the claim was not presented to the California Supreme Court in the "petition for review" or the "petition for review to exhaust state remedies."

Sanders' "Accusation Against An Attorney" filed in the California Supreme Court did not exhaust the ineffective assistance of counsel claim because it did not challenge the legality of Sanders' conviction. The Accusation did not fairly present to the California Supreme Court any claim regarding the conviction. In reviewing a State Bar decision on attorney discipline, the California Supreme Court would have no occasion to reach out and decide the entirely separate issue of the merits of the constitutional claim in the client's criminal case. Even if Sanders had mentioned in his Accusation that his conviction was caused by the attorney's misconduct, it did not constitute "fair presentation" of the claim because it was by a procedural method which made it unlikely that the claim would be considered on the merits. *See generally Castille v. Peoples*, 489 U.S. 346, 351

1 (1989) (presentation by way of petition to state supreme court for allocatur, which under state
2 procedure may be considered only when "there are special and important reasons therefor,"
3 insufficient to exhaust).

4 Sanders' petition as amended by the amended petition contains both exhausted and
5 unexhausted claims and therefore is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269, 277
6 (2005). The Court cannot adjudicate the merits of a habeas petition containing any claim as to
7 which state remedies have not been exhausted, such as a mixed petition. *See Rose v. Lundy*, 455
8 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted)
9 notwithstanding failure to exhaust).

10 D. <u>A Stay And Abeyance Will Be Granted To Permit Exhaustion</u>

11 In *Rhines*, the U.S. Supreme Court discussed the stay-and-abeyance procedure for mixed
12 habeas petitions. The Court cautioned district courts against being too liberal in allowing a stay
13 because a stay works against several of the purposes of the Antiterrorism and Effective Death
14 Penalty Act of 1996 ("AEDPA") in that it "frustrates AEDPA's objective of encouraging finality by
15 allowing a petitioner to delay the resolution of the federal proceeding" and "undermines AEDPA's
16 goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all
17 his claims in state court prior to filing his federal petition." *Rhines*, 544 U.S. at 277. A stay and
18 abeyance "is only appropriate when the district court determines there was good cause for the
19 petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there
20 are no intentionally dilatory litigation tactics by the petitioner. *Id.* at 277-78. Any stay must be
21 limited in time to avoid indefinite delay. *Id.* Reasonable time limits would be 30 days to get to state
22 court, as long as necessary in state court, and 30 days to get back to federal court after the final
23 rejection of the claims by the state court. *See id.* at 278; *Kelly v. Small*, 315 F.3d 1063, 1070 (9th
24 Cir. 2003).

25 In his opposition to the motion to dismiss, Sanders conceded that he had not exhausted state
26 court remedies for his ineffective assistance of counsel claim and requested a stay and abeyance of
27 this action so that he may exhaust state court remedies for that claim. Sanders has satisfied the
28 *Rhines* requirements. Sanders filed his federal petition less than two months after his direct appeal

5

1 had concluded. Less than two weeks after his direct appeal had concluded, Sanders attempted to
2 exhaust by filing a "petition for review to exhaust state remedies." That procedure is a recognized
3 technique for exhaustion purposes, but did not manage to exhaust any claim for this petitioner
4 because he did not identify his claims – most likely due to the fact that he was a layman who didn't
5 understand that the specific federal constitutional claims need to be articulated in such a petition to
6 exhaust such claims. Sanders' effort does, however, show "good cause for [his] failure to exhaust
7 his claims first in state court" and that there are no "intentionally dilatory litigation tactics." *Rhines*,
8 544 U.S. at 277-78. The third requirement of *Rhines* – that the unexhausted claim not be meritless –
9 also is satisfied: Sanders' ineffective assistance of counsel claim does not appear, on the face of the
10 pleadings, to be meritless.

11 Respondent argues that this Court has no discretion to stay the proceedings because there are
12 no exhausted claims in the amended petition. Respondent overlooks the insufficient evidence claim
13 – a claim as to which state court remedies have been exhausted. Insofar as respondent suggests that
14 the insufficient evidence claim was abandoned because it was not repeated in the amended petition,
15 the argument does not persuade because the Court "construe[d] the amended petition to be an
16 amendment to the original petition rather than to supersede the original petition." Order To Show
17 Cause, p.1; *see also id.* at 2 ("The petition as amended by the amended petition states cognizable
18 claims for habeas relief"). Therefore, the Court does not have before it a wholly unexhausted
19 petition. The Court has the authority to stay the proceedings because there is at least one exhausted
20 claim pending.

## CONCLUSION

22 Respondent's motion to dismiss is **GRANTED in PART**. (Docket # 10.) The Court cannot
23 adjudicate the petition as amended by the amended petition because there is an unexhausted claim in
24 it. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982).

25 The Court **GRANTS** Petitioner's request to stay and hold these proceedings in abeyance.
26 (Docket # 12.) This action is now **STAYED** and the Clerk shall **ADMINISTRATIVELY CLOSE**
27 the action. Nothing further will take place in this action until Petitioner exhausts any unexhausted

claims and, within thirty days of doing so, moves to reopen this action, lift the Court's stay and amend his petition to add his new claims. Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.

IT IS SO ORDERED.

Dated: December 13, 2011

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
EDWARD M. CHEN
United States District Judge

7